# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, a Delaware corporation, IPR LICENSING, INC., a Delaware corporation, INTERDIGITAL COMMUNICATIONS, INC., a Delaware corporation,  INTERDIGITAL HOLDINGS, INC., a Delaware corporation, and INTERDIGITAL, INC., a Pennsylvania corporation, | ) ) ) ) ) ) ) ) | Civil Action No.: _____ |
|  | ) | **JURY TRIAL DEMANDED** |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| LENOVO HOLDING COMPANY, INC., a Delaware corporation, LENOVO (UNITED STATES) INC., a Delaware corporation and MOTOROLA MOBILITY LLC, a Delaware limited liability company, | ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

## COMPLAINT

Plaintiffs InterDigital Technology Corporation, IPR Licensing, Inc., InterDigital Communications, Inc., InterDigital Holdings, Inc., and InterDigital, Inc. (collectively "InterDigital" or "Plaintiffs"), through their undersigned counsel, bring this action against Lenovo Holding Co. Inc., Lenovo (United States) Inc., and Motorola Mobility LLC (collectively "Lenovo" or "Defendants").  In support of this Complaint, InterDigital alleges as follows:

## THE PARTIES

1.     InterDigital Technology Corporation is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

2.     IPR Licensing, Inc. is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

3.      InterDigital Communications, Inc. is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

4.      InterDigital Holdings, Inc. is a Delaware corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

5.      InterDigital, Inc. is a Pennsylvania corporation with its principal place of business at 200 Bellevue Parkway, Suite 300, Wilmington, DE 19809.

6.      On information and belief, defendant Lenovo Holding Co. Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1009 Think Place, Morrisville, NC 27650.  On information and belief, The Corporation Trust Company, with its principal place of business at 1209 N Orange St, Wilmington, DE 19801, is the registered agent for Lenovo Holding Co. Inc.

7.      On information and belief, defendant Lenovo (United States) Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 8001 Development Dr., Morrisville, NC 27560.  On information and belief, The Corporation Trust Company, with its principal place of business at 1209 N Orange St, Wilmington, DE 19801, is the registered agent for Lenovo (United States) Inc.

8.      On information and belief, defendant Motorola Mobility LLC is an affiliate of Lenovo (United States) Inc., and is a corporation organized under the laws of the State of Delaware, with its principal place of business at 222 W. Merchandise Mart Plaza, Chicago, IL 60654.  On information and belief, The Corporation Trust Company, with its principal place of business at 1209 N Orange St, Wilmington, DE 19801, is the registered agent for Motorola Mobility LLC.

## JURISDICTION AND VENUE

9.     This is a complaint including causes of action for patent infringement arising

under 35 U.S.C. § 271 *et seq.*  The Court has subject matter jurisdiction under 28 U.S.C.

§§ 1331, 1338(a), 1367, and 2201-02.

10.     Personal jurisdiction over each Defendant is proper in this District based on one

or more of the following: its presence in this judicial district; it has availed itself of the rights and

benefits of the laws of Delaware; or it has derived substantial revenue from sales of handsets and

other cellular devices in Delaware and it has systematic and continuous business contacts with

Delaware. Each Defendant was incorporated in Delaware and/or formed under the laws of

Delaware.  Lenovo provides cellular device products, which are advertised, offered for sale, sold,

and used in Delaware.

11.     Venue is proper in this district under 28 U.S.C. § 1400(b) and 28 U.S.C.

§§ 1391(b)(1), (b)(2). For purposes of §1400(b), each Defendant was incorporated in Delaware

and/or formed under the laws of Delaware and therefore resides within this District. For purposes

of § 1391(b)(1), (b)(2), each Defendant resides in the District of Delaware by virtue of being

incorporated in Delaware and/or formed under the laws of Delaware.

## THE PATENTS-IN-SUIT

12.     This action involves the following patents:  United States Patent Nos. 8,085,665

("the '665 patent"), 8,199,726 ("the '726 patent"), 8,427,954 ("the '954 patent"), 8,619,747

("the '747 patent"), 8,675,612 ("the '612 patent"), 8,797,873 ("the '873 patent"), 9,203,580

("the '580 patent"), and 9,456,449 ("the '449 patent") (collectively, "the Patents-in-Suit").

13.     The '665 patent is entitled "AUTOMATIC REVERSE CHANNEL

ASSIGNMENT IN A TWO-WAY TDM COMMUNICATION SYSTEM," and issued on

December 27, 2011 to inventor Kevin P. Johnson.  IPR Licensing, Inc. owns by assignment the entire right, title, and interest in and to the '665 patent.  A true and correct copy of the '665 patent is attached to this Complaint as Exhibit 1.

14.     The '726 patent is entitled "CHANNEL QUALITY MEASUREMENTS FOR DOWNLINK RESOURCE ALLOCATION," and issued on June 12, 2012 to inventors Stephen E. Terry, Stephen G. Dick, James M. Miller, Eldad Zeira, and Ariela Zeira.  InterDigital Technology Corporation owns by assignment the entire right, title, and interest in and to the '726 patent.  A true and correct copy of the '726 patent is attached to this Complaint as Exhibit 2.

15.     The '954 patent is entitled "AUTOMATIC REVERSE CHANNEL ASSIGNMENT IN A TWO-WAY TDM COMMUNICATION SYSTEM," and issued on April 23, 2013 to inventor Kevin P. Johnson.  IPR Licensing, Inc. owns by assignment the entire right, title, and interest in and to the '954 patent.  A true and correct copy of the '954 patent is attached to this Complaint as Exhibit 3.

16.     The '747 patent is entitled "METHOD AND APPARATUS FOR PROVIDING AND UTILIZING A NON-CONTENTION BASED CHANNEL IN A WIRELESS COMMUNICATION SYSTEM," and issued on December 31, 2013 to inventor Stephen E. Terry, Jin Wang, Arty Chandra, John S. Chen, and Guodong Zhang.  InterDigital Technology Corporation owns by assignment the entire right, title, and interest in and to the '747 patent.  A true and correct copy of the '747 patent is attached to this Complaint as Exhibit 4.

17.     The '612 patent is entitled "CHANNEL QUALITY MEASUREMENTS FOR DOWNLINK RESOURCE ALLOCATION," and issued on March 18, 2014 to inventors Stephen E. Terry, Stephen G. Dick, James M. Miller, Eldad Zeira, and Ariela Zeira.  InterDigital

Technology Corporation owns by assignment the entire right, title, and interest in and to the '612 patent. A true and correct copy of the '612 patent is attached to this Complaint as Exhibit 5.

18.     The '873 patent is entitled "METHOD AND APPARATUS FOR TRANSMITTING SCHEDULING INFORMATION IN A WIRELESS COMMUNICATION NETWORK" and issued on August 5, 2015 to inventor Paul Marinier. InterDigital Technology Corporation owns by assignment the entire right, title, and interest in and to the '873 patent. A true and correct copy of the '873 patent is attached to this Complaint as Exhibit 6.

19.     The '580 patent is entitled "METHOD AND APPARATUS FOR PROVIDING AND UTILIZING A NON-CONTENTION BASED CHANNEL IN A WIRELESS COMMUNICATION SYSTEM," and issued on December 1, 2015 to inventor Stephen E. Terry, Jin Wang, Arty Chandra, John S. Chen, and Guodong Zhang. InterDigital Technology Corporation owns by assignment the entire right, title, and interest in and to the '580 patent. A true and correct copy of the '580 patent is attached to this Complaint as Exhibit 7.

20.     The '449 patent is entitled "CHANNEL QUALITY MEASUREMENTS FOR DOWNLINK RESOURCE ALLOCATION," and issued on September 27, 2016 to inventors Stephen E. Terry, Stephen G. Dick, James M. Miller, Eldad Zeira, and Ariela Zeira. InterDigital Technology Corporation owns by assignment the entire right, title, and interest in and to the '449 patent. A true and correct copy of the '449 patent is attached to this Complaint as Exhibit 8.

21.     The Patents-in-Suit were duly issued by the USPTO and are valid under 35 U.S.C. §§ 101, 102, 103, and 112.

## LENOVO'S KNOWLEDGE OF THE PATENTS-IN-SUIT

22.     On information and belief, Lenovo has had actual and/or constructive knowledge of the Patents-in-Suit since before this Complaint was filed. For example, InterDigital and

Lenovo have been engaged in patent licensing discussions for several years.  On information and belief, Lenovo learned of one or more of the Patents-in-Suit, their respective prosecution histories, and/or related patents in the course of its evaluation of InterDigital's patent portfolio.

23.     On information and belief, InterDigital and Lenovo or their affiliates are both involved with the European Telecommunications Standards Institute ("ETSI").  InterDigital has disclosed the Patents-in-Suit, or related patents, to ETSI and, on information and belief, Lenovo has access to and is knowledgeable regarding those disclosures.

24.     Lenovo has cited numerous InterDigital patents in its own patents.  For example, U.S. Patent No. 8,098,644 is assigned to Motorola Mobility LLC.  It cites to a publication, U.S. Patent Publication No. 2005/0220176, assigned to InterDigital.  On information and belief, Lenovo has obtained knowledge of the Patents-in-Suit through its own patent prosecution or willfully blinded itself to obtaining that knowledge.

25.     In addition, Lenovo will receive notice of the Patents-in-Suit upon the service of the Complaint by InterDigital upon Lenovo at the addresses referenced herein, shortly following this filing.

## **LENOVO WIRELESS DEVICES**

26.     On information and belief, Lenovo designs, manufactures, and sells smartphones and other cellular-enabled devices in the U.S. under the Motorola brand.  Lenovo operates the following website in connection with such products:  https://www.motorola.com.

27.     On information and belief, Lenovo sells a variety of cellular-enabled tablets, notebook computers, and other cellular-enabled devices in the U.S. through its own brand. Lenovo operates the following website in connection with such products:  www.lenovo.com/us. These Motorola- and Lenovo-branded cellular-enabled devices, as well as any other Lenovo

cellular-enabled devices, are collectively referred to as the "Lenovo Wireless Devices"
throughout this Complaint.

28.     The Lenovo and Motorola websites allow customers to directly purchase Lenovo
Wireless Devices from Lenovo or, in some cases, directs the customer to cellular providers, such
as AT&T and T-Mobile.  Attached as Exhibit 9 to the Complaint is a sales receipt and
photographs of a Motorola G7 smartphone that Motorola sold in the United States.

29.     The aforementioned Lenovo website includes customer reviews for many of the
infringing Lenovo Wireless Devices.  These customer reviews, *inter alia*, summarize experiences
purchasing and using the Motorola-branded smartphones in the United States.  Lenovo's website
also provides customer support for the Motorola-branded smartphones by, for example,
providing "Chat with Us" services.  Lenovo similarly provides "Live Chat" services for Lenovo-
branded cellular-enabled tablets and notebook computers.  Lenovo also invites its customers to
connect on social media, and provides various phone numbers for customers to call with
questions and/or concerns with the Lenovo Wireless Devices.

**INTERDIGITAL'S COMPLIANCE WITH ETSI FRAND COMMITMENTS**

30.     The 3G and 4G cellular standards at issue in this case were developed by the
3GPP consortium, in which companies participate through other standards-setting organizations
("SSOs") referred to as organizational partners.  InterDigital participated in 3GPP through its
membership in ETSI.  Accordingly, the ETSI IPR (Intellectual Property Rights) Policy governs
the FRAND commitments applicable to the cellular standards relevant to this case.

31.     InterDigital has submitted IPR Information Statement and Licensing Declaration
forms to ETSI disclosing the patents-in-suit or related patents as patents that may be or may
become essential to ETSI/3GPP cellular standards.  Pursuant to the licensing declaration in the

forms, InterDigital declared that, to the extent the disclosed IPRs are or become and remain essential to ETSI standards, InterDigital is prepared to grant licenses under such IPRs on fair, reasonable and non-discriminatory (FRAND) terms and conditions.

32.     InterDigital has complied with the FRAND commitments set forth in the ETSI licensing declarations, because it has at all times been prepared to grant a worldwide license on FRAND terms and conditions to Lenovo.

33.     While InterDigital and Lenovo have to date been unable to agree to a negotiated license on FRAND terms and conditions, notwithstanding InterDigital's good faith negotiation efforts over the course of several years, InterDigital has been prepared to grant such a license, including by: (i) engaging in extensive efforts to seek to negotiate a license with Lenovo, including through numerous in-person meetings, telephone calls, and written correspondence; (ii) being willing to enter into binding international arbitration under which the arbitration tribunal would determine FRAND terms and conditions for a worldwide license; and (iii) filing an action in the UK seeking a declaration that InterDigital has made a FRAND offer to Lenovo or, in the alternative, a determination of FRAND terms and conditions for a worldwide license that Lenovo would have the option of accepting as an alternative to an injunction against infringement in the UK.

34.     Accordingly, InterDigital respectfully requests that the Court issue a declaratory judgment that InterDigital has not breached ETSI FRAND commitments because it is prepared to grant a license on FRAND terms and conditions in accordance with those commitments.

## COUNT I
## INFRINGEMENT OF THE '665 PATENT

35.     InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

36.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed and continues to infringe the '665 patent by making, using, offering for sale, and/or selling Lenovo Wireless Devices with Wideband Code Division Multiple Access ("WCDMA") capabilities in the United States, including but not limited to the Motorola-branded smartphones. For instance, the Motorola-branded smartphones are CDMA subscriber units with circuitry configured to receive a first wireless CDMA signal in a first time interval, wherein the first time interval includes at least one time slot; and circuitry configured, in response to receipt of the first wireless CDMA signal, to transmit an acknowledgement in a second time interval, wherein the second time interval is a predetermined time interval after the first time interval and a specific allocation of the second time interval is not received by the CDMA subscriber unit.  The Motorola-branded smartphones therefore directly infringe at least claim 18 of the '665 patent. InterDigital expects to identify additional claims of the '665 patent that Lenovo infringes through the discovery process.

37.     On information and belief, Lenovo, with knowledge of the '665 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '665 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with WCDMA capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '665 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with WCDMA capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that

encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

38.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an WCDMA system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '665 patent in violation of 35 U.S.C. § 271(c).

39.     Lenovo's past and continuing infringement of the '665 patent has caused monetary damage and irreparable injury to InterDigital.

## COUNT II
## INFRINGEMENT OF THE '726 PATENT

40.     InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

41.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed and continues to infringe the '726 patent by making, using, offering for sale, and/or selling Lenovo Wireless Devices which utilize the Long Term Evolution ("LTE") standards in the United States.  For example, the Motorola-branded smartphones constitute user equipment comprising a measurement device configured to take a plurality of measurements based on a downlink quality (*e.g.*, channel quality) wherein each of the plurality of measurements is taken on a respective downlink resource of a plurality of downlink resources (*e.g.*, a plurality of subbands).  The Motorola-branded smartphones include a channel quality determination device configured to derive a first channel quality indicating a channel quality of the plurality of downlink resources (*e.g.,* a wideband report) and to derive a plurality of difference indications

(*e.g.*, subband differential values).  These difference indications being between the first channel quality indication and a channel quality indication for one of the plurality of downlink resources (*e.g.*, subband differential channel quality values indicate the difference between the subband channel quality and wideband channel quality).  The Motorola-branded smartphones further include a transmitting device configured to transmit at least one report including the first channel quality indication and the plurality of difference indications.  The Motorola-branded smartphones therefore directly infringe at least claim 1 of the '726 patent.  InterDigital expects to identify additional claims of the '726 patent that Lenovo infringes through the discovery process.

42.     On information and belief, Lenovo, with knowledge of the '726 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '726 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '726 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

43.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '726 patent in violation of 35 U.S.C. § 271(c).

44.     Lenovo's past and continuing infringement of the '726 patent has caused monetary damage and irreparable injury to InterDigital.

## COUNT III
## INFRINGEMENT OF THE '954 PATENT

45.     InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

46.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed and continues to infringe the '954 patent by making, using, offering for sale, and/or selling Lenovo Wireless Devices with LTE capabilities in the United States, including but not limited to the Motorola-branded smartphones.  For instance, the Motorola-branded smartphones include circuitry configured to receive information on a downlink channel in a time interval, such as, the physical downlink shared channel ("PDSCH") and on a condition that an explicit allocation of a first uplink channel, such as, the physical uplink shared channel ("PUSCH"), is received, circuitry configured to transmit feedback information  regarding the received information on the first uplink channel, wherein the feedback information is transmitted with user data on the first uplink channel.  On a condition that an explicit allocation of the first uplink channel is not received, the Motorola-branded smartphones include circuitry configured to transmit feedback information regarding the received information in a time interval on a second uplink channel, such as the physical uplink control channel ("PUCCH"), wherein an explicit allocation of the second uplink channel is not received, and wherein the time interval on the second uplink

channel is a predetermined time period away from the time interval on the downlink channel. The Motorola-branded smartphones therefore directly infringe at least claim 1 of the '954 patent. InterDigital expects to identify additional claims of the '954 patent that Lenovo infringes through the discovery process.

47.     On information and belief, Lenovo, with knowledge of the '954 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '954 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '954 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

48.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '954 patent in violation of 35 U.S.C. § 271(c).

49.     Lenovo's past and continuing infringement of the '954 patent has caused

monetary damage and irreparable injury to InterDigital.

**COUNT IV**
**INFRINGEMENT OF THE '747 PATENT**

50.     InterDigital repeats each and every allegation of the preceding paragraphs as if set

forth fully herein.

51.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed

and continues to infringe the '747 patent by making, using, offering for sale, and/or selling

Lenovo Wireless Devices with LTE capabilities in the United States, including but not limited to

the Motorola-branded smartphones.  For example, Motorola-branded smartphones include a

processor configured to receive, from an evolved Node B (eNB), a first allocation, wherein the

first allocation is an allocation of a non-contention based (NCB) uplink control channel, the first

allocation comprises a configuration for transmitting scheduling requests (SRs) over the NCB

uplink control channel, the configuration comprises a periodicity and an indication of dedicated

physical resources allocated to the smartphone for transmitting SRs, and allocated physical

resources of the NCB uplink control channel are time multiplexed such that given frequency

resources of the NCB uplink control channel may be used by different smartphones for

transmitting control signaling at different instances of time; transmit a transmission burst over

the NCB uplink control channel in accordance with the first allocation, wherein the presence of

the transmission burst on resources dedicated to the smartphone by the first allocation is

indicative of a request for uplink transmission resources by the smartphone; monitor a downlink

control channel; detect a transmission intended for the smartphone on the downlink control

channel, wherein the transmission comprises a second allocation and the second allocation is an

allocation of an uplink shared channel; and transmit data over the uplink shared channel in

accordance with the second allocation.  The Motorola-branded smartphones therefore directly infringe at least claim 16 of the '747 patent.  InterDigital expects to identify additional claims of the '747 patent that Lenovo infringes through the discovery process.

52.     On information and belief, Lenovo, with knowledge of the '747 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '747 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '747 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

53.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '747 patent in violation of 35 U.S.C. § 271(c).

54.     Lenovo's past and continuing infringement of the '747 patent has caused monetary damage and irreparable injury to InterDigital.

## COUNT V
## <u>INFRINGEMENT OF THE '612 PATENT</u>

55.     InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

56.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed and continues to infringe the '612 patent by making, using, offering for sale, and/or selling Lenovo Wireless Devices which utilize the LTE standards in the United States.  For example, the Motorola-branded smartphones are configured to report a channel quality to a base station.  The Motorola-branded smartphones include a channel quality determination device, configured to derive a channel quality for each of a plurality of downlink resources and a channel quality transmitter configured to transmit the derived channel qualities in a pattern of time intervals by rotating through the derived channel qualities, wherein each derived channel quality is transmitted in a separate time interval of the pattern; wherein a derived channel quality is not transmitted by the smartphone in each time interval of a frame.  The Motorola-branded smartphones therefore directly infringe at least claim 12 of the '612 patent.  InterDigital expects to identify additional claims of the '612 patent that Lenovo infringes through the discovery process.

57.     On information and belief, Lenovo, with knowledge of the '612 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '612 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '612 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce

Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the accused products in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

58.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '612 patent in violation of 35 U.S.C. § 271(c).

59.     Lenovo's past and continuing infringement of the '612 patent has caused monetary damage and irreparable injury to InterDigital.

## COUNT VI
## INFRINGEMENT OF THE '873 PATENT

60.     InterDigital repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

61.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed and continues to infringe the '873 patent by making, using, offering for sale, and/or selling Lenovo Wireless Devices with HSUPA (HSPA) capabilities in the United States, including but not limited to the Motorola-branded smartphones.  For example, the Motorola-branded smartphones are  Third Generation Partnership Project (3GPP) wireless transmit/receive units with circuitry configured to trigger transmission of scheduling information (SI), from the smartphone to a Node-B, in response to the smartphone having a non-zero grant smaller than

needed thereby preventing the smartphone from transmitting a medium access control protocol data unit (PDU) of any of a plurality of scheduled medium access control-d (MAC-d) flows.  The Motorola-branded smartphones therefore directly infringe at least claim 6 of the '873 patent.  InterDigital expects to identify additional claims of the '873 patent that Lenovo infringes through the discovery process.

62.     On information and belief, Lenovo, with knowledge of the '873 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '873 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with HSUPA (HSPA) capabilities, intending to encourage, and in fact encouraging, end-users and carriers to directly infringe the '873 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with HSUPA (HSPA) capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

63.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an HSUPA (HSPA) system.  Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo contributorily infringes the '873 patent in violation of 35 U.S.C. § 271(c).

64.     Lenovo's past and continuing infringement of the '873 patent has caused

monetary damage and irreparable injury to InterDigital.

## COUNT VII
## INFRINGEMENT OF THE '580 PATENT

65.     InterDigital repeats each and every allegation of the preceding paragraphs as if set

forth fully herein.

66.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed

and continues to infringe the '580 patent by making, using, offering for sale, and/or selling

Lenovo Wireless Devices with LTE capabilities in the United States, including but not limited to

the Motorola-branded smartphones.  For example, the Motorola-branded smartphones include a

processor configured to receive a first allocation from an evolved Node B (eNB), wherein the

first allocation is an allocation of a non-contention based (NCB) uplink control channel, the first

allocation comprises a configuration for transmitting scheduling requests (SRs) over the NCB

uplink control channel, and the configuration indicates a periodicity allocated to the smartphone

for transmitting scheduling requests on the NCB uplink control channel and indicates which sub-

carrier resources of the NCB uplink control channel are to be used by the smartphone for

transmitting the scheduling requests; transmit a scheduling request over the NCB uplink control

channel in accordance with the first allocation, wherein the transmitted scheduling request

comprises a transmission burst, and presence of the transmission burst on NCB uplink control

channel resources assigned to the smartphone by the first allocation is indicative of a request for

uplink transmission resources by the smartphone.  The smartphone then monitors a downlink

control channel and detects that a transmission intended for the smartphone on the downlink

control channel is intended for the smartphone based on an identifier indicated in the

transmission on the downlink control channel, wherein the transmission on the downlink control

channel comprises a second allocation, the second allocation being an allocation of an uplink shared channel; and transmit data over the uplink shared channel in accordance with the second allocation. The Motorola-branded smartphones therefore directly infringe at least claim 1 of the '580 patent. InterDigital expects to identify additional claims of the '580 patent that Lenovo infringes through the discovery process.

67.     On information and belief, Lenovo, with knowledge of the '580 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '580 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '580 patent. On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims. In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

68.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system. Because the Lenovo Wireless Devices are specifically designed to so operate, they have no substantial non-infringing uses. Accordingly, Lenovo contributorily infringes the '580 patent in violation of 35 U.S.C. § 271(c).

69.     Lenovo's past and continuing infringement of the '580 patent has caused

monetary damage and irreparable injury to InterDigital.

**COUNT VIII**
**INFRINGEMENT OF THE '449 PATENT**

70.     InterDigital repeats each and every allegation of the preceding paragraphs as if set

forth fully herein.

71.     In violation of 35 U.S.C. § 271(a), InterDigital alleges that Lenovo has infringed

and continues to infringe the '449 patent by making, using, offering for sale, and/or selling

Lenovo Wireless Devices with LTE capabilities in the United States, including but not limited to

the Motorola-branded smartphones.  For example, the Motorola-branded smartphones are user

equipment with a receiver configured to receive downlink resource allocations from a base

station, wherein a received downlink resource allocation indicates to the user equipment which

downlink resources of a plurality of downlink resources have been allocated to the user

equipment for a downlink transmission.  Motorola-branded smartphones include a measurement

device configured to perform a plurality of downlink measurements for the plurality of downlink

resources, wherein the plurality of downlink measurements are performed to determine channel

quality information associated with one or more of the plurality of downlink resources.

Motorola-branded smartphones also include a channel quality determination device configured to

determine a first channel quality indication, wherein the first channel quality indication is used to

indicate to the base station a modulation and coding set (MCS) that has been determined based

on a channel quality of the plurality of downlink resources, and determine at least a second

channel quality indication, wherein the second channel quality indication is used to indicate to

the base station an MCS that has been determined based on a channel quality of a particular

downlink resource of the plurality of downlink resources; and a transmitter configured to

transmit at least one channel quality report to the base station.  The at least one channel quality report comprises the first channel quality indication and the second channel quality indication, and the second channel quality indication is reported as a differential channel quality with respect to the first channel quality indication.  The Motorola-branded smartphones therefore directly infringe at least claim 1 of the '449 patent.  InterDigital expects to identify additional claims of the '449 patent that Lenovo infringes through the discovery process.

72.     On information and belief, Lenovo, with knowledge of the '449 patent, and without authority, has actively induced and continues to actively induce infringement by end-users and cellular carriers of at least one claim of the '449 patent, under 35 U.S.C. § 271(b), by intentionally inducing the use, importation, offer for sale, and/or sale of Lenovo Wireless Devices with LTE capabilities, intending to encourage, and in fact encouraging, end-users and cellular carriers to directly infringe the '449 patent.  On information and belief, Lenovo actively induced infringement by, *inter alia*, designing and introducing into the stream of commerce Lenovo Wireless Devices with LTE capabilities, and by publishing manuals and promotional literature describing and instructing in the operation of the accused devices in an infringing manner and by offering support and technical assistance to its customers that encourage use of the Lenovo Wireless Devices in ways that infringe the asserted claims.  In addition, Lenovo has had actual knowledge of end-users' direct infringement and that Lenovo's acts induced such infringement since at least the date of this filing, and when InterDigital provided to Lenovo a copy of this Complaint.

73.     On information and belief, Lenovo Wireless Devices are specifically designed to be used in at least an LTE system.  Because the Lenovo Wireless Devices are specifically

designed to so operate, they have no substantial non-infringing uses.  Accordingly, Lenovo

contributorily infringes the '449 patent in violation of 35 U.S.C. § 271(c).

74.     Lenovo's past and continuing infringement of the '449 patent has caused

monetary damage and irreparable injury to InterDigital.

**COUNT IX**
**DECLARATORY JUDGMENT**

75.     InterDigital repeats each and every allegation of the preceding paragraphs as if set

forth fully herein.

76.     An actual controversy has arisen and now exists between InterDigital and Lenovo

as to whether InterDigital is in breach of contractual commitments reflected in the IPR

Information Statements and Licensing Declarations to be prepared to grant licenses on FRAND

terms and conditions for cellular standards-essential patents.

77.     InterDigital has fully complied with its FRAND commitments by being prepared

to grant licenses on FRAND terms and conditions for cellular standards-essential patents.  It has

done so, for example, by initiating an action in the UK court seeking a determination of FRAND

terms and conditions for a worldwide license with Lenovo by that court, through its negotiations

with Lenovo, and by being willing to enter into binding international arbitration with Lenovo to

determine FRAND terms and conditions for a worldwide license.  InterDigital has indicated that

it is willing to enter into such a worldwide license on terms consistent with those that the UK

court determines to be FRAND.

78.     Therefore, InterDigital requests a declaratory judgment that it is not in breach of

its FRAND commitments under the ETSI IPR Policy with respect to Lenovo.[1]

---

[1] The UK claim seeks a declaration that InterDigital has made a FRAND offer to Lenovo or, in the alternative, a determination of the terms and conditions of a FRAND license.  If Lenovo enters into a license on those terms covering its worldwide sales, the controversy that exists

## JURY DEMAND

79.     InterDigital demands a jury trial as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

80.     WHEREFORE, InterDigital respectfully requests that this Court enter judgment against Lenovo as follows:

(a)     Declaring that InterDigital is not in breach of relevant FRAND commitments made in ETSI licensing declarations with respect to Lenovo;

(b)     That Lenovo is liable for infringement, contributing to the infringement, and/or inducing the infringement of one or more claims of the Patents-in-Suit, as alleged herein;

(c)     To the extent that Lenovo has not:

(i) agreed to a negotiated worldwide patent license with InterDigital;

(ii) agreed to a fair process for binding international arbitration to determine FRAND terms and conditions of a worldwide patent license with InterDigital; or

(iii) undertaken following a declaration and/or determination of FRAND terms and conditions by the UK court to enter into a worldwide license with InterDigital on FRAND terms and conditions consistent with those determined by the UK court to be FRAND;

an injunction pursuant to 35 U.S.C. § 283 providing that Lenovo and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and

would be resolved, as would InterDigital's claims for damages, if and to the extent they are covered by the license.

employees of each of the foregoing, customers and/or licensees and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from contributorily and/or inducing the infringement of the Patents-in-Suit prior to their expiration, including any extensions;

(d)  An Order directing Lenovo to file with this Court and serve upon Plaintiffs' counsel within 30 days after the entry of the Order of injunction a report setting forth the manner and form in which Lenovo has complied with the injunction;

(e)  An award of damages adequate to compensate InterDigital for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

(f)  An award of enhanced damages including, without limitation, treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(g)  An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

(h)  An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

(i)  Costs and expenses in this action; and

(j)  An award of any further relief that this Court deems just and proper.

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
Beth A. Swadley (No. 6331)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 (courier 19801)
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com
bswadley@skjlaw.com

Attorneys for Plaintiffs
*InterDigital Communications, Inc., InterDigital*
*Technology Corporation, IPR Licensing, Inc.,*
*InterDigital Holdings, Inc., and InterDigital, Inc.*

OF COUNSEL:

WILSON SONSINI GOODRICH & ROSATI
David S. Steuer
E-mail: dsteuer@wsgr.com
Michael B. Levin
E-mail: mlevin@wsgr.com
Maura L. Rees
E-mail: mrees@wsgr.com
Ryan R. Smith
E-mail: rsmith@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Dated:  August 28, 2019