IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL HOLDINGS, INC., and INTERDIGITAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO HOLDING COMPANY, INC., LENOVO (UNITED STATES) INC. and MOTOROLA MOBILITY LLC,<br><br>Defendants. | C.A. No.: 19-1590-LPS<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to D. Del. LR 7.1.2(b), Plaintiffs InterDigital Technology Corp., IPR Licensing, Inc., InterDigital Communications, Inc., InterDigital Holdings, Inc., and InterDigital, Inc. (collectively, "InterDigital") respectfully submit the attached supplemental authority in support of their Answering Brief in Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. D.I. 25.

On April 30, 2020, in *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, the Federal Circuit reversed and remanded a district court's dismissal of Uniloc's patent infringement complaint (involving LG smartphones and other Bluetooth-enabled devices) for lack of patent eligible subject matter under 35 U.S.C. § 101. No. 19-1835, --- F.3d ---, slip op. (attached as Exhibit A). The Federal Circuit found "the claims at issue are directed to a ***patent-eligible improvement to computer functionality, namely the reduction of latency*** experienced by parked secondary stations in

communication systems." *Id.* at 7 (emphasis added). The Court found "the claimed invention changes the normal operation of the communication system itself to 'overcome a problem specifically arising in the realm of computer networks.'" *Id.* at 7-8 (quoting *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257-58 (Fed. Cir. 2014)). The Court explained "[t]he claimed invention's compatibility with conventional communication systems does not render it abstract. Nor does the fact that the improvement is not defined by reference to 'physical' components." *Id.* at 10 (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016)). This decision is relevant to InterDigital's argument that its asserted claims provide patent-eligible improvements to existing technologies. D.I. 25 at 11-13; *see also id.* at 6-7, 19-22.

|  |  |
|---|---|
| OF COUNSEL:<br><br>WILSON SONSINI GOODRICH & ROSATI<br>David S. Steuer<br>Michael B. Levin<br>Maura L. Rees<br>Ryan R. Smith<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300<br>dsteuer@wsgr.com<br>mlevin@wsgr.com<br>mrees@wsgr.com<br>rsmith@wsgr.com<br><br>Dated: May 7, 2020 | SMITH, KATZENSTEIN & JENKINS LLP<br><br>/s/ Eve H. Ormerod<br>Neal C. Belgam (No. 2721)<br>Eve H. Ormerod (No. 5369)<br>1000 West Street, Suite 1501<br>Wilmington, DE 19801<br>(302) 652-8400<br>nbelgam@skjlaw.com<br>eormerod@skjlaw.com<br><br>*Attorneys for Plaintiffs InterDigital Communications, Inc., InterDigital Technology Corporation, IPR Licensing, Inc., InterDigital Holdings, Inc., and InterDigital, Inc.* |