# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PIVITAL IP LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-2176-LPS |
| ACTIVECAMPAIGN, LLC, | : | |
| Defendant. | : | |
| PIVITAL IP LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-254-LPS |
| TWILIO INC., | : | |
| Defendant. | : | |
| PIVITAL IP LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 20-255-LPS |
| SHARPSPRING, INC., | : | |
| Defendant. | : | |
| INTERDIGITAL TECHNOLOGY, CORP., IPR LICENSING, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL HOLDINGS, INC., and INTERDIGITAL, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 19-1590-LPS |
| LENOVO HOLDING COMPANY, INC., LENOVO (UNITED STATES) INC., and MOTOROLA MOBILITY LLC, | : | |
| Defendants. | : | |

| | |
|---|---|
| MENTONE SOLUTIONS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 20-280-LPS |
| DIGI INTERNATIONAL INC., | : |
| Defendant. | : |
| MENTONE SOLUTIONS LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 20-281-LPS |
| ELO TOUCH SOLUTIONS, INC. | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **13th** day of **October, 2020**:

WHEREAS, defendants in the above-listed cases filed Rule 12 motions to dispose of patent infringement claims on the bases that certain patent claims are invalid under 35 U.S.C. § 101, because they are allegedly directed to unpatentable subject matter;

WHEREAS, the above-listed cases are unrelated to one another;

WHEREAS, the Court heard oral argument in all of the above-listed cases on July 14, 2020 after considering the parties' respective briefs and related filings;[1]

WHEREAS, the Court continues to find that its experimental procedure of addressing multiple Section 101 motions from separate and unrelated cases in one hearing is an efficient use of judicial resources and a beneficial tool for resolving the merits of Section 101 motions;

---

[1] Chief Judge Leonard P. Stark and Magistrate Judge Jennifer L. Hall jointly presided throughout the argument. The Court adopts the full bench ruling and includes herein only certain portions of it.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, with respect to the above-listed Pivital IP LLC ("Pivital") cases, Defendants ActiveCampaign LLC ("ActiveCampaign"), Twilio Inc. ("Twilio"), and Sharpspring, Inc.'s ("Sharpspring") Rule 12 motions (C.A. No. 19-2176 D.I. 10; C.A. No. 20-254 D.I. 10; C.A. No. 20-255 D.I. 11) are **GRANTED**;

**IT IS FURTHER ORDERED** that, with respect to the above-listed Interdigital Technology Corporation, IPR Licensing, Inc., Interdigital Communications, Inc., Interdigital Holdings, Inc., and Interdigital, Inc. ("Interdigital") cases, Defendants Lenovo Holding Company, Inc., Lenovo Inc., and Motorola Mobility LLC's (collectively, "Lenovo") Rule 12 motion (C.A. No. 19-1590 D.I. 22) is **DENIED**; and

**IT IS FURTHER ORDERED** that, with respect to the above-listed Mentone Solutions LLC ("Mentone") cases, Defendants Digi International Inc. ("Digi") and Elo Touch Solutions, Inc.'s ("Elo") Rule 12 motions (C.A. No. 20-280 D.I. 9; C.A. No. 20-281 D.I. 10) are **GRANTED.**

The Court's Order is consistent with the bench ruling announced at the conclusion of the July 14 hearing (see, e.g., C.A. No. 19-2176 D.I. 27 ("Tr.") at 151-78), which is reproduced in substantial portion below:

> [T]he first set of cases all involve the plaintiff, Pivital IP, LLC . . . . Each of the defendants moved to dismiss Plaintiff Pivital's complaint on Rule 12(b)(6) on the same grounds, the lack of patent eligibility under Section 101 . . .
>
> [T]he Court will grant defendants' motion to dismiss.
>
> The asserted patent[] here is U.S. Patent No. 6,636,965 . . . . Plaintiff[] alleged infringement of at least claims 1 and 11 against ActiveCampaign, claim 1 against Twilio, and claim 1 against SharpSpring. No party has suggested that the Court need[s] to analyze the patent eligibility of any claims other than claims 1 and 11. These are the only claims that are asserted across

3

the three cases and are the only claims that plaintiff says they would assert in any of these cases were they to go forward . . . .

Let me turn to the *Alice/Mayo*[2] analysis.

[A]t step 1, I conclude that both claims 1 and 11 are directed to the abstract idea of encrypting a portion of a common e-mail so that only a subset of recipients can access the encrypted e-mail. That happens to be ActiveCampaign's articulation of the abstract idea. And I am persuaded by defendants that that is, in fact, what these claims are directed to.

One indication that the claims here are directed to an abstract idea is that the claims consist of functional results-oriented language . . . . [N]either of the challenged claims here describe[s] how to achieve the results of the purported invention in a non-abstract way. Even the specification does not explain how any data is stored, encrypted, or decrypted, or point to any protocol for doing these functions . . . .

Another basis for my conclusion that the claims are directed to an abstract idea [at] step 1 . . . is that I am not persuaded by plaintiff's contention that the claims relate to a technical improvement to computer functionality . . . . Plaintiff's alleged improvements, such as reducing waste of processing resources, storage and bandwidth, are not inventive here because they are generic to any communication system that employs a filtering feedback mechanism, whether conventional or computer implemented . . . .

Yet another indication that the claims here are directed to an abstract idea is that defendants have articulated a fair and accurate real-world prior art analogy that humans have long performed . . . .

I would say last and really most importantly, what persuades me that these claims here are directed to an abstract idea and, in fact, are not patent eligible, is that the Federal Circuit has analyzed many similar claims and has repeatedly found that patent claims like these, which are directed to selective access to resources, are directed to abstract ideas and are not patent eligible . . . . [W]e know from many cases now, including, for instance,

---

[2] *Alice Corp. Pty. Ltd v. CLS Bank Int'l*, 573 U.S. 208 (2014); *Mayo Collaborative Serv. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012).

4

*Enfish*,[3] that a valid and independently sufficient approach to resolving a 101 dispute is to find what are the most analogous cases that have already been decided, and to rea[son] from those analogies . . . .

I must [next] determine [at] step 2, whether the claims are valid because they . . . contain an inventive concept. I find that the '965 patent fails this step because it does not recite any inventive concept [that] transforms the abstract idea into patent eligible subject matter. As already discussed, the specification describes generic equipment and technology [and] nothing in the claims improve[s] or change[s] the functioning of a computer. At best, the claims here describe creating and sending electronic messages, [and] encrypt[ing] and decoding based on the recipient, but the claims recite these steps in an abstract way without specifying any improvement to computer functionality. The claims do not disclose a new way to create or deliver e-mail, encrypt or decrypt a portion of a message, determine user authorization, or to use an icon or instruction . . . .

So for all of those reasons, those many reasons, the motion[s] to dismiss . . . in the Pivital cases are granted.

Let me turn next to InterDigital . . . .

Neither party argues that any claim is representative, but they agree nonetheless that I only need to determine the patent eligibility of the claims that are [discussed] in the motion. . . . I really think it comes down largely to one decision that resolves for the most part this motion with respect to all of the claims. . . .

[M]y decision is to deny the motion to dismiss with respect to all six patents. I find that Lenovo has not met its burden at either step 1 or step 2 of the *Alice/Mayo* test.

None of the six claims ha[s] been shown to be directed to an abstract idea, and even if any of the claims were directed to an abstract idea, InterDigital has sufficiently and plausibly alleged at least a fact dispute as to whether each of the six challenged claims actually claim[] non-routine, nonconventional, or not well understood inventive concepts. . . .

What this motion has largely come down to for me is a dispute as to whether the claims of the six patents are more

---

[3] *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016).

5

analogous to those which survive Section 101 scrutiny in *Uniloc*[4] and *KPN*,[5] or instead are more like those claims that were deemed ineligible in, for example, *Two-Way Media*.[6] I have concluded that plaintiff's comparison to *Uniloc* and *KPN* is persuasive, and Lenovo's effort to distinguish those cases is not persuasive.

*Uniloc* especially involves similar technology and a similar technical solution to a technical problem. This is especially true of the asserted claim in what we've called group 1, that is the '873 patent which, like the claims upheld in *Uniloc*, is directed to reducing latency by adding a field to a message in a wireless communication. More generally and with respect to all six of the patents at issue on this motion, the criticism by Lenovo of the six claims [–] that they all consist only of functional results-oriented language and are insufficiently specific [–] . . . if accepted, mean . . . that the claims upheld in *Uniloc* should have been deemed ineligible for patenting. But they weren't deemed ineligible for patenting, so I cannot be persuaded by defendants' argument . . . .

Even if all of what I have just said about Lenovo's failing at step 1 were not correct, Lenovo would nonetheless lose this motion with respect to all six claims at step 2.

The operative first amended complaint plausibly alleges that each of the six patents has an inventive concept that was not routine, conventional, and well understood; and it does so . . . for example, by citing to pertinent portion[s] of the prosecution histories.

Accordingly, and for all of those reasons, the Court will deny Lenovo's motion.

. . . [L]et me turn to the last set of cases, the Mentone cases[,] two related cases involving Mentone and U.S. Patent No. 6,952,413. The two defendants move to dismiss the[] first

---

[4] *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303 (Fed. Cir. 2020).

[5] *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143 (Fed. Cir. 2019).

[6] *Two-Way Media Ltd. v. Comcast Cable Communications, LLC*, 874 F.3d 1329 (Fed. Cir. 2017).

amended complaints under Rule 12(b)(6), both under Section 101 and for failure to adequately plead infringement. . . .

I have decided to grant the motion on Section 101 grounds.
. . .

My decision is specifically about claim 5. All parties agree that claim 5, which is the only claim specifically asserted in the operative complaint, is representative of the '413 patent's claim[s].
. . .

Before I dive into step 1 and step 2 of the *Alice/Mayo* test, I wanted to explain that part of what has driven my conclusion [o]n the Mentone motion is that even if I were to accept the plaintiff's analogy of the claim here to *KPN*, and even if I were to say that this claim involved a technical solution to a technical problem, there is insufficient specificity of that solution captured in the claims. That is, there is not sufficient specificity of that purported technical solution to a technical problem captured in the claim[s] to allow the claims to survive the motion to dismiss. . . .

So at step 1, I find that the challenged claim, claim 5, is directed to the abstract idea of receiving a USF and transmitting data during the appropriate time slots. That's the articulation that Digi offered for the abstract idea. And I am persuaded that that is what the claims are directed to, and I'm persuaded that that is an abstract idea, which we know from numerous Federal Circuit cases, such as *Electric Power*,[7] where the Court concluded that similar data manipulation steps, like receipt, detection, and transmission of information, are abstract. It is plain to me from this patent that there are only functional limitations in claim 5: . . . [r]eceiving, monitoring, and transmitting communications.

[I]t's functional language . . . because the claims indicate nothing about when, how, or why one would, for instance . . . and most importantly, shift the USF or how a shifted USF would specifically improve the functioning of a prior art system. . . .

In the Court's view, claim 5 is most analogous to claims the Federal Circuit considered in *Two-Way Media* which were also directed to a functionally claimed patent ineligible abstract idea. . . . . Here, arguably, the how of the improvement is done by shifting the USF, but there's nothing in the claims or even really in the specification about how and when one would shift the USF. . . .

---

[7] *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016).

7

Having made those findings at step 1, I need to turn to step 2. . . . I find that Mentone has not advanced any meritorious inventive concept that's captured in claim 5 . . . .

Mentone's argument [at] step 2 . . . largely relies on the shifted USF, but the shifted USF, even in combination with the abstract idea, functional limitations, and anything else that Mentone says is in the claims[,] do not turn out to be in my view significantly more than a claim to the abstract idea.

Focusing for a moment on the shifted USF, the complaint does not allege that use of a shifted USF is itself not well understood, routine or conventional. . . .

Mentone did purport to raise a factual dispute as to step 2 concerning whether claim 5 is directed to a specific and discrete system of altering the fixed relationship in the timing of the download allocation signal[]ing as subsequent uplink transmission. This argument fails. This fact . . . could not provide a possible inventive concept here because it's just an abstract description of the abstract idea to which the claims are directed. This purported fact is also unsupported by the specification and the claims. . . .

Now, today we did hear quite a bit about the claim limitations relating to multiple PDCHs and how they potentially supplied an inventive concept. This argument was new to me today . . . it's untimely and I need not consider it, and I really have not had time to consider it much, having heard it only just a couple hours ago.

So my decision in the Mentone case is that claim 5 is invalid for lack of patent eligible subject matter under Section 101. Because claim 5 is representative according to the parties of the rest of the claims of the '413 patent, defendants' motions to dismiss are granted on this basis.

I do note that at least in passing, plaintiff had asked for leave to amend its complaint. I find that amendment would be futile given my findings and . . . given the representative nature of claim 5. So I will be granting the motion to dismiss and I will be closing the Mentone cases.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT