## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 19-1590-LPS ) |
| LENOVO HOLDING COMPANY, INC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER GOVERNING MEDIATION
### CONFERENCE AND MEDIATION STATEMENTS

At Wilmington this 1st day of December, 2020,

IT IS ORDERED that:

1. A mediation conference is scheduled for **February 8, 2021** beginning at **9:00 A.M.** All required participants (see ¶ 2) are to report at this time by video conference and to remain available until excused by the Court.

2. Each party must be represented at the mediation conference by the following required participants: (a) trial counsel; (b) counsel who is/are familiar with the case; (c) Delaware counsel (if different than counsel listed in (a) and (b)); and (d) the party/parties and/or decision maker(s) of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process. A representative with full authority is also someone who has knowledge of the dispute and has knowledge of the business objectives and operations of the representative's company (if applicable), so that the representative can generate and consider solutions in real time during the mediation.

Counsel shall arrange three separate video conference lines to use throughout the mediation process when the mediation begins: (i) a dedicated line for Plaintiffs; (ii) a dedicated line for Defendants; and (iii) a joint line available for both sides should the Judge wish to have discussions with all parties. All lines should remain open for use by counsel and the Court until the mediation is concluded. Counsel shall provide this information by email to Cailah_Garfinkel@ded.uscourts.gov, by 12:00 p.m. Eastern Time on Wednesday, February 3, 2021.

3. (a) No later than the date on which mediation statements are due (see ¶ 4 below), counsel shall e-mail Cailah_Garfinkel@ded.uscourts.gov the following information for each attorney who will be attending the mediation conference: (i) a direct dial telephone work number, (ii) a cell or home telephone number, and (iii) an e-mail address where the attorney can be regularly reached.  Unrepresented parties shall provide at least one of these three forms of contact information.

(b) No later than the date on which the mediation statements are due (see ¶ 4 below), counsel shall submit a list of all participants, including attorney and non-attorney representatives, who will be attending the mediation on behalf of their party, to the opposing party or parties.

4. On or before **January 25, 2021**, two copies of a confidential mediation statement containing all of the information required by ¶ 6 shall be submitted only to the Magistrate Judge. The mediation statements shall not be filed with the Clerk's Office but shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Judge Jennifer L. Hall and marked "CONFIDENTIAL MEDIATION STATEMENT."  In addition, a pdf version of the mediation statement shall be e-mailed to Cailah_Garfinkel@ded.uscourts.gov with the information provided

pursuant to ¶ 3(a).  The statements shall not be exchanged among the parties or counsel (unless the parties so desire), shall not be provided to the trial judge, and shall not become part of the record in this matter.

5. The mediation statements may be in memorandum or letter form.  They must be in 12-point font and double-spaced, and they must be no longer than fifteen pages.

6. The mediation statements must contain each of the following headings and must contain a discussion of each of the topics described below:

    a) **"The Parties"**: provide a description of who the parties are, their relationship, if any, to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference.

    b) **"Factual Background"**: provide a brief factual background, clearly indicating which facts are not in dispute and which material facts remain in dispute.

    c) **"Summary of Applicable Law"**: provide a brief summary of the law, including applicable statutes and cases.  Copies of any unreported decisions (including decisions from this jurisdiction) that counsel believes are particularly relevant should be included as exhibits (see ¶ 7). It is helpful to the Court, particularly with regard to complex litigation in which a large number of legal issues are pending and unresolved, if counsel for all sides can communicate with each other in advance of filing the mediation statement, in order to attempt to ensure that all of the parties will address the same key legal issues in their respective statements.[1]

---

[1] In patent cases, the parties need not provide a summary of applicable law as to common issues (*e.g.*, the legal requirements for direct and indirect patent infringement or for demonstrating patent invalidity).  However, to the extent that the case involves legal issues that do not commonly arise in every patent litigation, a summary of applicable law would be helpful.

    d)  **"Honest Discussion of Strengths and Weaknesses"**: provide an honest discussion of the strengths and weaknesses of the party's claims and/or defenses. This section should describe *both* strengths and weaknesses.

    e)  **"Settlement Efforts"**: provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties and the reasons for rejection, and the party's assessment as to why settlement has not been reached.

    f)  **"Settlement Proposal"**: describe the party's proposed framework for a resolution (*i.e.*, describe what the material components of a settlement agreement are from the party's perspective and provide a proposal as to what the content of each of those components should be). Identify any interests or issues not directly involved in this matter that may frustrate or further settlement. If the party has any suggestions as to how the Court may be helpful in reaching a resolution, such suggestions should also be described.

    g)  **"Fees and Costs"**: list separately each of the following: (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) a good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) a good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

    In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

7. Crucial or pertinent documents may be submitted as exhibits to the mediation statement. Counsel are requested to limit such exhibits to those that are most directly relevant to the mediation.[2]

8. The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation or any other litigation (whether presently pending or filed in the future), and shall not be construed as or constitute an admission. Breach of this provision shall subject the violator to sanctions.

9. Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

10. The required participants shall be available and accessible throughout the mediation process. The Court expects the parties' full and good faith cooperation with the mediation process. In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

11. All counsel are reminded of their obligations to read and comply with this Order. Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In patent cases, the Plaintiff(s) should submit the patent(s)-in-suit as an exhibit/exhibits to their mediation statement.

5