# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 Fax

**Rodger D. Smith II**
(302) 351-9205
rsmith@morrisnichols.com

September 23, 2022

The Honorable Joshua D. Wolson                               *VIA ELECTRONIC MAIL*
United States District Court
James A. Byrne United States Courthouse
601 Market Street, Room 3809
Philadelphia, PA  19106

>    Re:   *InterDigital Technology Corp. et. al v. Lenovo Holding Company, Inc. et. al*,
>          <u>C.A. No. 19-1590 (JDW)</u>

Dear Judge Wolson:

Pursuant to the procedures set forth in the Scheduling Order in this case (D.I. 53, ¶ 10), Defendants hereby move the Court to strike those portions of InterDigital's ("IDC's") Opening and Reply Expert Reports of Dr. Branimir Vojcic (Ex. A, "Vojcic Opening Report" and Ex. B, "Vojcic Reply Report"), Dr. Wayne Stark (Ex. C, "Stark Opening Report" and Ex. D, "Stark Reply Report"), and Dr. Cory Plock (Ex. E, "Plock Opening Report" and Ex. F, "Plock Reply Report") that rely on Qualcomm source code InterDigital failed to identify in its Final Infringement Contentions ("Final Contentions").

The Accused Products in this case are various cellular-enabled devices sold by Motorola and Lenovo ("Lenovo") that include certain Qualcomm chips that implement Qualcomm proprietary source code.  During fact discovery, IDC sought discovery from Qualcomm directed to such source code.  Pursuant to a supplemental protective order entered by the Court, IDC and Lenovo were given limited access to review the Qualcomm source code, and production of the code was limited to a small number of printed pages specifically requested from Qualcomm's secured provider.  (D.I. 82).

Pursuant to IDC's requests, Qualcomm began a production of source code print-outs of 59 pages on April 22, 2001, and continued to produce source code print-outs of various sizes until July 9, 2021, the final production of source code print-outs prior to the service of its Final Contentions.  At that time, IDC had requested and Qualcomm had produced 432 pages of source code print-outs—in other words, the last bates-labelled source code produced prior to service of the Final Contentions was Q1IDTLEN1590SC0000<u>***432***</u>.

Pursuant to the Court's amended Scheduling Order, IDC was required to serve its Final Contentions on August 2, 2021 (D.I. 106), and did so (D.I. 112).  Those Final Contentions cited various portions of the 432 pages of source code produced by Qualcomm up to that time, and

The Honorable Joshua D. Wolson
September 23, 2022

every such citation was within those first 432 pages. Ex. G (Exhibit 9 – Source Code Notes to Final Infringement Contentions).

After the close of fact discovery, and pursuant to the Court-ordered schedule, IDC served opening and reply expert reports from Dr. Vojcic directed to infringement of the 873, 665, and 954 Patents (Exs. A & B), and opening and reply expert reports from Dr. Stark directed to the 747, 580, 449, and 612 Patents (Exs. C & D). IDC also served the Plock Opening and Reply Reports, which opine on various portions of the Qualcomm source code, but do not opine on infringement or validity of any of the asserted patents. Exs. E & F. The Vojcic and Stark Opening and Reply reports cited and rely on the analysis of the Qualcomm source code provided by Dr. Plock.

*However*, with the exception of three pages of source code pertaining to only one limitation of two of the asserted patents,[1] none of the Qualcomm source code cited in IDC's Final Contentions is cited in any of IDC's expert reports, and none of the Qualcomm source code cited in the expert reports is cited in the Final Contentions. Essentially, between fact discovery and expert discovery, IDC "switched horses." But under the Court's Scheduling Order, IDC was required to serve its Final Contentions before the end of fact discovery, and it did so—specifically citing the source code it believed showed infringement. By citing entirely different source code in its expert reports, IDC effectively amended its Final Contentions without asking permission from the Court to do so. That should not be allowed. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 13-1668, 2017 WL 658469, at *1, 6 (D. Del. Feb. 14, 2017) ("Infringement contentions are considered to be 'initial disclosures' under [Rule] 26(a)," and are subject to exclusion under Rule 37(c)(1) if not timely disclosed during fact discovery); *see also* Fed. R. Civ. P. 26(a), 26(e)(1), 37(c)(1).

Accordingly, Dr. Plock's Opening and Reply reports (with the exception of ¶¶ 180-182 of his Opening Report) should be struck. Moreover, any reliance on Dr. Plock by Drs. Vojcic and Stark should also be struck in its entirety. Ex. A, Vojcic Opening, ¶¶19, 21, 67, 70, 96, 113, 149, 162, 178, 181, 209, 214, Ex. B, Vojcic Reply, ¶¶8, 18-19, 21-22, 40, 42-46, 49, 50, 52-53, 97, 103, 109-110; Ex. C, Stark Opening, ¶¶21, 95, 109, 124, 140, 152, 161, 165, 170, 181, 204, 278, 294, 299, 306, 314, 318, 323, 329, 340, 387, 400, 415, 417, 441, 442, 446, 456, 461, 476, 481; Ex. D, Stark Reply, ¶¶23, 70.

The factors set forth in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-905 (3d Cir. 1977), including (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the likelihood of disruption of the trial; (3) the possibility of curing the prejudice; (4) the presence of bad faith or willfulness in not disclosing the evidence and (5) the importance of information withheld, weigh strongly in favor of this result.

For example, as to the first factor, Lenovo was surprised and prejudiced by IDC's wholesale changing of its source code citations between fact and expert discovery. The fact that IDC identified specific source code citations in its Final Contentions led Lenovo to focus on that code,

---

[1] In ¶ 182 of his Opening Report, Dr. Plock cites to 1IDTLEN1590SC0000165-167 in relation to his analysis of the Qualcomm source code relevant to the 612 and 449 Patents. Defendants do not seek to strike that paragraph and those paragraphs that give it context, i.e., ¶¶ 180-181.

The Honorable Joshua D. Wolson
September 23, 2022

rather than on the source code that later became the actual basis of IDC's expert reports. Moreover, because the new source code was first identified in expert reports, Lenovo had only limited time to analyze that code, examine the surrounding code at Qualcomm's source code provider, and develop a response. The prejudice caused by the introduction of such new theories is well recognized by this Court. *See TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 14-954-RGA, 2019 WL 4346530, at *2 (D. Del. Sept. 12, 2019) ("Opening expert reports are not the appropriate time to disclose new infringement allegations."); *INVISTA North Am. S.àr.l. v. M&G USA Corp.*, 2013 U.S. Dist. LEXIS 88633, *12 (D. Del. June 25, 2013) (excluding expert opinions that contained previously undisclosed theories of invalidity); *Cf.* D.I. 209, at 6 (Plaintiff InterDigital asserting that "Lenovo should not be permitted to advance an entirely new prior art theory never disclosed in its contentions.").

As to the second factor, striking the offending portions of the expert reports will not disrupt the trial, as trial is several months off.

With respect to the third factor, with both fact and expert discovery now closed, the prejudice to Lenovo is incurable without striking the opinions that rely on the newly cited code or reopening expert discovery. If IDC had timely disclosed the code it thought actually supported its infringement case, Lenovo would have directed its review of the Qualcomm source code accordingly, focusing on the code that IDC alleged supported its infringement theories, and potentially developed different theories of non-infringement. *See Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502 (D. Del. 2019) ("If Zimmer had timely disclosed this infringement theory, Stryker's expert may have been able to assert different theories of non-infringement.").

And as relevant to the fourth factor, IDC can provide no legitimate, good faith explanation for the last-minute introduction of new source code into the case, while entirely abandoning the source code it cited in its Final Contentions. Indeed, that IDC changed its source code-based infringement theories without asking the Court for permission to amend confirms that it has no defensible explanation.

Finally, with respect to the fifth factor, this is a cellular technology case in which, as is common, the accused functionality is largely implemented in and provided by the source code that controls operation of the Accused Products. Indeed, for its case on the 873 Patent, IDC's technical expert has testified that infringement can only be shown by analysis of the source code or by testing, Ex. H (Vojcic Dep. Tr.) at 25:8-22, and IDC has not advanced any testing evidence in support of its infringement case on that patent. The source code is therefore especially critical to the infringement issues related to that patent.

Accordingly, the Court should strike the opinions set forth in Dr. Plock's Opening and Reply reports (with the exception of ¶¶ 180-182 of his Opening Report), and any reliance on Dr. Plock (with that same exception) by Drs. Vojcic and Stark should also be struck in their entirety, including Ex. A, Vojcic Opening, ¶¶19, 21, 67, 70, 96, 113, 149, 162, 178, 181, 209, 214, Ex. B, Vojcic Reply, ¶¶8, 18-19, 21-22, 40, 42-46, 49, 50, 52-53, 97, 103, 109-110; Ex. C, Stark Opening, ¶¶21, 95, 109, 124, 140, 152, 161, 165, 170, 181, 204, 278, 294, 299, 306, 314, 318, 323, 329, 340, 387, 400, 415, 417, 441, 442, 446, 456, 461, 476, 481; Ex. D, Stark Reply, ¶¶23, 70.

The Honorable Joshua D. Wolson
September 23, 2022

                                                Respectfully,

                                                */s/ Rodger D. Smith II*

                                                Rodger D. Smith II (#3778)

RDS/rah

cc:      All Counsel of Record (by electronic mail)