IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL TECHNOLOGY CORPORATION, IPR LICENSING, INC., INTERDIGITAL COMMUNICATIONS, INC., INTERDIGITAL HOLDINGS, INC., and INTERDIGITAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO HOLDING COMPANY, INC., LENOVO (UNITED STATES) INC. and MOTOROLA MOBILITY LLC,<br><br>Defendants. | C.A. No. 19-1590-JDW<br>**CONSOLIDATED** |

# NON-PARTY QUALCOMM INC.'S UNOPPOSED MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO MODIFY OR RECONSIDER SEALING ORDER (D.I. 268)

OF COUNSEL
David Kays
William Siamas
MORGAN FRANICH FREDKIN
SIAMAS & KAYS LLP
333 W. San Carlos St., Ste. 1050
San Jose, California 95110
(408) 288-8288

Dated: November 4, 2022

Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Non-Party*
*Qualcomm Incorporated*
*Appearing for limited purpose*

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 24, non-party Qualcomm Incorporated ("Qualcomm") moves unopposed for an order to allow it to intervene in this action for the limited purpose of moving to modify or seek reconsideration of portions of this Court's Order dated October 24, 2022 (D.I. 268) (the "Order") granting in part and denying in part a party-filed motion to seal highly-confidential Qualcomm technical information that was subpoenaed and produced in this matter under the confidentiality protections of a Supplemental Protective Order (D.I. 82) ("SPO") entered by Judge Stark. Among the items ordered sealed were references to Qualcomm's highly-confidential source code made in party declarations and exhibits. However, additional references to Qualcomm's source code were omitted from the Order upholding the confidentiality protections. Qualcomm respectfully requests an opportunity to make a supplemental showing that the Order should be reconsidered and/or modified to include these specific items as part of the sealing order.

Qualcomm has a significant interest in maintaining the confidentiality of its source code and other information which are entitled to protection under the law, a right that was confirmed by the additional protections provided by the SPO. These protections are subject to a risk of loss if the confidentiality designations are not maintained by this Court. Intervention is both necessary and proper to enable Qualcomm, as a non-party, to assert and protect its rights.

Qualcomm contends that under well-established decisional law, including law from within this Circuit, Qualcomm should be granted the right to intervene under Rule 24(a), pertaining to mandatory intervention, and under Rule 24(b), pertaining to permissive intervention.

**ARGUMENT**

**QUALCOMM SHOULD BE ALLOWED TO INTERVENE TO SEEK MODIFICATION OR RECONSIDERATION OF THE SEALING ORDER TO PROTECT QUALCOMM'S TRADE SECRETS, INCLUDING ITS SOURCE CODE AND OTHER HIGHLY CONFIDENTIAL INFORMATION**

**I.      Mandatory Intervention Under Rules 24(a) is Warranted**

Intervention must be granted as a matter of right if the requirements of Rule 24(a) are met. Relevant here, "[a] party that has filed a timely motion has a right to intervene under Rule 24(a) if it can show three things: (1) a sufficient interest in the litigation; (2) 'a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action'; and (3) that its interest is not adequately represented by the existing parties to the litigation. *Pennsylvania v. President United States,* 888 F.3d 52, 57 (3d Cir. 2018); Fed. R. Civ. P. 24(a)(2). Qualcomm contends that each of these factors exists in this case.

**A.      Qualcomm has a Significant Interest in Maintaining the Confidentiality of its Trade Secrets, Including Its Source Code and Other Highly Confidential Information**

The "interest" of the party seeking intervention under Rule 24(a)(2) means simply "a cognizable legal interest" as opposed to "an interest of a general and indefinite character." *Pennsylvania,* 888 F.3d at 58. Here, Qualcomm's interest is to maintain the confidentiality of its source code and similar trade secret information that the parties have received in this litigation pursuant to the SPO. The right to protect against unwarranted disclosure of trade secrets or other confidential research, development, or commercial information is a recognized interest that is specifically protected under Rule 45(c)(3)(B)(i) and Rule 26(c)(7). *Mannington Mills, Inc. v. Armstrong World Indus.*, 206 F.R.D. 525, 529 (D. Del. 2002). Trade secrets are recognized property interests protected by the U.S. constitution. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003 (1984).

Thus, the right to protect trade secrets and other confidential information has repeatedly been held to be sufficiently "significant" to support mandatory intervention. *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 55 (9th Cir. 1960); *In re Sealed Case 00-5116*, 237 F.3d 657, 663-

664 (U.S. App. D.C. 2001) (intervenors "have a legally cognizable interest in maintaining the confidentiality of the documents the FEC seeks to disclose in the public record"); *Johnson v. Hankook Tire Mfg.*, 2013 U.S. Dist. LEXIS 24873, at *8 (N.D. Miss. Feb. 22, 2013) ("it is clear that trade secret information is a sufficient interest to justify intervention in an action"); *J.D. Fields & Co. v. Nucor-Yamato Steel Co.*, 2015 U.S. Dist. LEXIS 194916, at *9 (E.D. Ark. June 15, 2015) (same); *Shire Dev. LLC v. Mylan Pharms., Inc.*, 2013 U.S. Dist. LEXIS 181134, at *6 (M.D. Fla. Dec. 30, 2013) ("nonparties clearly have an interest in protecting the disclosure of their confidential, proprietary business information.  Accordingly, such an interest is sufficient to justify intervention under Rule 24(a)"); *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (2006) ("Lockheed's trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a)").

Courts in this Circuit, too, have found that a non-party's "interest in confidentiality is sufficient to support limited intervention under Rule 24(a)." *Constand v. Castor*, 2016 U.S. Dist. LEXIS 136742, at *9 (E.D. Pa. Oct. 3, 2016) (allowing intervention of non-party to protect confidentiality of settlement agreement).

### B. Disclosure Will Impair Qualcomm's Trade Secret Rights

To meet the second requirement, "an applicant must demonstrate that its legal interests may be affected or impaired as a practical matter by the disposition of the action." *Pennsylvania*, 888 F.3d at 59.  Qualcomm's interest in preserving the confidentiality of its confidential information and trade secrets clearly meets this requirement. *See* First Supplemental Declaration of Brett Bachtell in support of Non-Party Qualcomm Inc.'s Unopposed Motion to Modify or Reconsider Sealing Order (D.I. 268) ("1st Supp. Bachtell Decl.").  Confidential information is, by definition, confidential.  "[T]he most important characteristic of a trade secret is that it is in fact secret." *NOVA Chems., Inc. v. Sekisui Plastics Co.*, 579 F.3d 319, 327 (3d Cir. 2009).  Thus, trade secrets need not be disclosed in legal filings "for the simple reason that such a requirement would result in public disclosure of the purported trade secrets." *Orthovita, Inc. v. Erbe*, 2008 U.S. Dist. LEXIS 11088, at *27 (E.D. Pa. Feb. 14, 2008); *In re Guidant Corp. Implantable Defibrillators*

3

*Prods. Liab. Litig.*, 245 F.R.D. 632, 637 ("For the documents that contain trade secrets and other proprietary information, the Court finds that there is no reasonable alternative to sealing most of these documents. Indeed, trade secrets' 'only value consists in their being kept private.' … "If they are disclosed or revealed, they are destroyed.'").

### C. Qualcomm's Interests are Not Adequately Represented by the Parties

"[A]n applicant's interests are not adequately represented if they diverge sufficiently from the interests of the existing party, such that 'the existing party cannot devote proper attention to the applicant's interests.'" *Pennsylvania*, 888 F.3d at 60. "This burden is generally 'treated as minimal' and requires the applicant to show "that representation of his interest 'may be' inadequate." *Id.*

The parties' interests in this litigation are clearly different than Qualcomm's. Notwithstanding the parties' efforts to comply with the SPO by moving to seal references to Qualcomm's trade secrets and confidential information, which, of course, Qualcomm appreciates, their interests are to prevail on the merits of the infringement claims. Whether Qualcomm's trade secret and confidential information remains confidential is irrelevant to the outcome of this case. Indeed, the party-litigants suffer no financial or business consequence in the event that Qualcomm confidentiality protections are not maintained.

On the other hand, Qualcomm's <u>only</u> interest in this litigation is to assure that its trade secrets, including its source code and other highly confidential information, do not get disclosed. This objective is essential to protection of Qualcomm's substantial investment in its technology. In addition, only Qualcomm – and no party – has the information and knowledge to determine which of its information requires protection.

Qualcomm has spent significant resources and investment developing and maintaining its trade secrets, including the source code at issue in this action. *See* 1st Supp. Bachtell Decl. ¶¶ 3, 5. If this information is disclosed, Qualcomm may lose its trade secret protections and its competitive edge. *See id.*, ¶¶ 3, 5, 6, 7.

In short, the interests of the parties diverge dramatically. The party-litigants' ability and motivation to assert Qualcomm's confidentiality rights are inadequate.

### D. The Motion is Timely

Qualcomm's motion to intervene is limited to challenging the Order to the extent certain information designated highly-confidential retains that designation and is sealed. The Order was issued on October 24, 2022. This motion was filed less than two weeks later. The motion is timely.

In short, since the requirements for mandatory intervention are present, Qualcomm should be granted leave to intervene to challenge the Order.

## II. Alternatively, Permissive Intervention Under Rule 24(b) is Warranted.

To the extent the Court does not find that limited intervention is mandatory under Rule 24(a), it should nonetheless conclude that intervention should be permitted under Rule 24(b). Permissive intervention is allowed where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In the Third Circuit and beyond, "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992), cert. denied sub nom., *International Ins. Co. v. Bridgestone/Firestone, Inc.*, 506 U.S. 868 (1992) ("there is wide approval of Rule 24(b) intervention as a method for seeking to modify a protective order. We join these circuits in recognizing that Rule 24(b) permits limited intervention for the purpose of challenging a protective order."); *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), cert. denied, 111 S. Ct. 799, 112 L. Ed. 2d 860 (1991); *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979) ("The proper procedure… was … to seek permissive intervention in the private action pursuant to Rule 24(b), F. R. Civ. P., for the purpose of obtaining vacation or modification of the protective order.").

"Where intervention is sought for the limited purpose of modifying a protective order, the requirements for permissive intervention are 'interpreted flexibly,'" and "the intervenor need not show an independent basis for subject matter jurisdiction, and the timeliness and commonality requirements are interpreted broadly." *LG Display Co. v. AU Optronics Corp.*, 2010 U.S. Dist. LEXIS 137396, at *6 (D. Del. Dec. 29, 2010); *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004); *see United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 165 (D. Del. 1999) (granting intervention to non-party "for the limited purpose of presenting its views on a protective order to protect its confidential information"); *Management Registry Inc. v. A.W. Cos.*, 2019 U.S. Dist. LEXIS 182178, at *10 (D. Minn. Oct. 22, 2019) (granting intervention to "third party whose interests are affected by the Court's application of the Protective Order in this case"); *Cal. Parents for the Equalization of Educ. Materials v. Torlakson*, 2018 U.S. Dist. LEXIS 139197, at *13 (N.D. Cal. Aug. 16, 2018) (allowing intervention to litigate challenges relating to confidential designations).

The requirements of permissive intervention are also satisfied. As a non-party, Qualcomm is at the mercy of the party-litigants regarding how and the extent to which its confidential information is used (and subject to potential disclosure) in this action. To the extent the confidentiality of Qualcomm's confidential information is called into question, Qualcomm is the only participant that has the requisite knowledge and insight to demonstrate why the information should not be made public. Granting intervention is the only way that Qualcomm can appear and assert its own rights. Permissive intervention is therefore proper.

Finally, Rule 24(b)(3) states that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Permitting Qualcomm to intervene for the limited purpose of challenging the confidentiality designations in the Order will not delay the resolution of the proceedings on the merits. The Court has already ordered sealed dozens of references to Qualcomm's source code in the party's exhibits and declarations. Qualcomm's intended motion for reconsideration/ modification seeks to add a mere sixteen additional references made to its source code to the list

of items to remain sealed. There is no evidence or rational basis to conclude that expanding the list of sealed information will materially delay adjudication of the merits.

Qualcomm should be granted leave to intervene to challenge the Order.

## CONCLUSION

For the foregoing reasons, Qualcomm's motion to intervene for the limited purpose of moving to modify or reconsider portions of the Court's Order (D.I. 268) that denied sealing of certain Qualcomm confidential information and trade secrets should be granted. Qualcomm's proposed motion to modify or reconsider said sealing order is submitted simultaneously with these motion papers.

Respectfully submitted,

OF COUNSEL
David Kays
William Siamas
MORGAN FRANICH FREDKIN
SIAMAS & KAYS LLP
333 W. San Carlos St., Ste. 1050
San Jose, California 95110
(408) 288-8288

Dated: November 4, 2022

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorneys for Non-Party*
*Qualcomm Incorporated*
*Appearing for limited purpose*